GRIFFIN *et al. v.* GREEN.

No. 12963. NOVEMBER 29, 1939.

*William Butt,* for plaintiffs.

*Allison S. Prince, T. H. Crawford,* and *John S. Wood,* for defendant.

ATKINSON, Presiding Justice. A. G. Griffin and Talton Green filed in the superior court a petition seeking a partition of certain described real estate, alleging that they were tenants in common with Elisha H. Green, the defendant, who it was alleged owned a one-half undivided interest in said property. The defendant filed an answer denying that the petitioners or either of them had any interest whatever in the property, thus raising the issue as to title to the land. He specially set up, that, subject to a certain lien in favor of the Federal Land Bank, he was the exclusive owner of the property which he had derived from his father by warranty deed dated December 10, 1927, duly recorded, as per copy attached to the answer as an exhibit; that he had been in exclusive, uninterrupted, and peaceable possession of said property for more than seven years, claiming title under said deed, and in good faith, and relying on said warranty deed as title, had paid

taxes on the property, dealt with it as his own, and cultivated it, and made improvements, without notice of any adverse claim of ownership on the part of the petitioners until March 8, 1939, more than seven years after he entered into possession of the property. He enumerated many improvements he had put upon the property bona fide and at his own expense. He prayed (a) that the application for partition be denied; (b) that in the event a partition of the property should be made, he be allowed the value of all permanent improvements he had placed thereon, as well as the taxes he had paid, and that they be established as a set-off against the claim of the petitioners as to the value of any interest they might have in said property, or any mesne profits recovered by them; and (c) that he have such further relief as he may be entitled to in the premises. The petitioners demurred generally and specially to the answer. All the grounds of demurrer were overruled; and after introduction of evidence and the charge of the court the jury returned a verdict in favor of the defendant. The only assignment of error insisted upon is that the court erred in overruling the special demurrers to the answer, which judgment it is averred was controlling and entered into and affected the further progress and final result of the case.

The grounds of special demurrer are without merit. One ground sought more information in connection with allegations which merely recited compliance with certain conditions imposed by the defendant's father in consideration of the warranty deed subsequently executed by him to the defendant. These allegations were historical only, and in no way involved any question of the defendant's title. Another ground related to allegations that from the proceeds of a loan on the property the defendant discharged a lien which had been created by his father on the property "in favor of Henry Stuart, subsequently transferred to G. A. Curtis, and recorded in the office of the clerk of Fannin County in deed book 7, page 184, in the sum of $673.33," the objection being that the allegations were mere conclusions, and that "no copy of the deed referred to is set forth in the answer or attached thereto as an exhibit." These allegations in no way involved any question of title, and were not subject to the criticism of the demurrer. Seven grounds relate to allegations as to improvements at specified items of expense, and obviously were not made to set up a bar to a par-

tition, if authorized, but to illustrate the good faith of the defendant in his alleged adverse possession, and as a set-off in the event of possible recovery by the petitioners, and were not subject to the objection that they were too vague, loose, general, and indefinite to apprise the petitioners of the type of improvements claimed to have been made by the defendant. The ruling on the special demurrer to the allegation that taxes in certain amounts were paid on certain named dates "on said property" was not error for the assigned reason that it was not distinctly averred that the taxes were paid on the particular piece of property involved, and that tax receipts showing what property was involved were not sufficiently set forth, and that the allegations were too vague, loose, general, and indefinite. No error of law is shown in the rulings of the court on the two remaining grounds of special demurrer, and any detailed discussion is deemed unnecessary.

*Judgment affirmed. All the Justices concur.*